**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of **Delaware**
(State)

Case number (*If known*): _____ Chapter **11**

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy          06/22

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.**

| | | |
|---|---|---|
| 1. | **Debtor's name** | Pure Power Technologies, Inc. |

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names
   _____
   _____
   _____
   _____

3. **Debtor's federal Employer Identification Number (EIN)**     81-1145202

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 1410    Northpoint Blvd. | |
| Number    Street | Number        Street |
| | P.O. Box |
| Blythewood    SC    29016 | |
| City    State    ZIP Code | City        State        ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| Richland | |
| County | Number        Street |
| | |
| | City        State        ZIP Code |

5. **Debtor's website** (URL)     www.purepowertechnologies.com

| Debtor | Pure Power Technologies, Inc. | Case number (*if known*) |
|---|---|---|
| | Name | |

**6.  Type of debtor**

☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

---

**7.  Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C.  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

__3363__ ___ __

---

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check **all** that apply*:

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

Debtor    Pure Power Technologies, Inc.
_____
          Name

Case number (if known)_____

---

9. **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

   If more than 2 cases, attach a separate list.

   ☑ No
   ☐ Yes. District _____ When _____ Case number _____
                                      MM / DD / YYYY
          District _____ When _____ Case number _____
                                      MM / DD / YYYY

---

10. **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

    List all cases. If more than 1, attach a separate list.

    ☐ No
    ☑ Yes. Debtor   See attached schedule        Relationship   Affiliates
           District   Delaware                    When   _____
                                                         MM / DD / YYYY
           Case number, if known   _____

---

11. **Why is the case filed in *this district*?**

    *Check all that apply:*

    ☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

    ☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

12. **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

    ☑ No
    ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

    **Why does the property need immediate attention?** *(Check all that apply.)*

    ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

       What is the hazard? _____

    ☐ It needs to be physically secured or protected from the weather.

    ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

    ☐ Other _____

    **Where is the property?** _____
                               Number        Street

                               _____

                               _____
                               City                        State ZIP Code

    **Is the property insured?**

    ☐ No
    ☐ Yes. Insurance agency _____

           Contact name   _____

           Phone   _____

---

**Statistical and administrative information**

---

Debtor    **Pure Power Technologies, Inc.**
          Name                                                                Case number (if known)_____

| | |
|---|---|
| **13. Debtor's estimation of available funds** | *Check one:*<br>☑ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |

| **14. Estimated number of creditors** | ☐ 1-49 | ☑ 1,000-5,000 | ☐ 25,001-50,000 |
|---|---|---|---|
| | ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| | ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| | ☐ 200-999 | | |

| **15. Estimated assets** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☑ $100,000,001-$500 million | ☐ More than $50 billion |

| **16. Estimated liabilities** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☑ $100,000,001-$500 million | ☐ More than $50 billion |

---

### ▐ Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    02  / 16  / 2023
               MM  / DD / YYYY

✖ **/s/John Pinson**                                    **John Pinson**
Signature of authorized representative of debtor        Printed name

Title    **Chief Executive Officer**

| Debtor | Pure Power Technologies, Inc. | Case number (if known) |
|---|---|---|
| | Name | |

**18. Signature of attorney**

✗ /s/Andrew L. Magaziner

Signature of attorney for debtor

Date  02 /16 /2023

MM  / DD / YYYY

Andrew L. Magaziner

Printed name

Young Conaway Stargatt & Taylor, LLP

Firm name

1000          North King Street, Rodney Square

Number          Street

| Wilmington | DE | 19801-6108 |
|---|---|---|
| City | State | ZIP Code |

| (302) 571-6600 | amagaziner@ycst.com |
|---|---|
| Contact phone | Email address |

| 5426 | DE |
|---|---|
| Bar number | State |

**Schedule 1**

**PENDING OR CONCURRENT BANKRUPTCY CASES FILED BY THE DEBTOR AND ITS AFFILIATES**

On the date hereof, each of the affiliated entities listed below (including the debtor in this chapter 11 case) filed a voluntary petition for relief under title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware.  A motion is being filed with the Court requesting that the chapter 11 cases of these entities be jointly administered for procedural purposes only.  Additional detail regarding the relationship of each debtor is set forth in the corporate ownership statement, filed contemporaneously herewith.

| Entity Name | Relationship | Case Number | Judge |
|---|---|---|---|
| Stanadyne PPT Group Holdings, Inc. | Debtors' Ultimate Parent Company | Not yet assigned | Not yet assigned |
| Stanadyne PPT Holdings, Inc. | Direct subsidiary of Stanadyne PPT Group Holdings, Inc. | Not yet assigned | Not yet assigned |
| Stanadyne LLC | Indirect subsidiary of Stanadyne PPT Group Holdings, Inc. | Not yet assigned | Not yet assigned |
| Pure Power Technologies, Inc. | Indirect subsidiary of Stanadyne PPT Group Holdings, Inc. | Not yet assigned | Not yet assigned |

**UNANIMOUS WRITTEN CONSENT
IN LIEU OF MEETING OF
THE BOARD OF DIRECTORS
OF
PURE POWER TECHNOLOGIES, INC.**

February 16, 2023

The undersigned, constituting all of the members of the Board of Directors (the "Board") of Pure Power Technologies, Inc., a Delaware corporation (the "Company"), do hereby waive all notice of a meeting of the Board and approve and adopt the following resolutions as of the date first written above by unanimous written consent in lieu of a meeting in accordance with Section 141(f) of Title 8 of the Delaware Code.

WHEREAS, the Board has reviewed and analyzed materials and advice presented by the management and the outside financial and legal advisors of the Company regarding the financial condition, capital structure, liquidity position, business model and projections, short term and long term prospects of the Company and the restructuring and other strategic alternatives available to it, and the impact of the foregoing on the business of the Company; and

WHEREAS, the Board has determined that it is desirable and in the best interests of the Company and its creditors, employees and other parties in interest, that the Company file or cause to be filed a voluntary petition (the "Chapter 11 Case") seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

NOW THEREFORE BE IT RESOLVED, that filing of the Chapter 11 Case by the Company, and the seeking of relief by the Company under chapter 11 of the Bankruptcy Code in the Bankruptcy Court be, and each hereby is, authorized and approved for all purposes and in all respects; and it is further

RESOLVED, that John Pinson, Chief Executive Officer of the Company, and Costas Loukellis, Vice President & Chief Financial Officer of the Company, and any other person designated and so authorized to act by the aforementioned officer (each such officer or designee being an "Authorized Person"), be, and each hereby is, authorized and empowered to execute and verify petitions and amendments thereto under chapter 11 of the Bankruptcy Code in the name and on behalf of the Company, in such forms as the Authorized Person executing the same shall approve, his, her or their execution to be conclusive evidence of the approval thereof by such Authorized Person and the Board, and to file or cause the same to be filed in the Bankruptcy Court at such time as such Authorized Person executing the same shall determine; and it is further

RESOLVED, that any Authorized Person be, and each hereby is, authorized and empowered to execute, verify and file or cause to be filed on behalf of and in the name of the Company any and all petitions, schedules, motions, lists, applications, pleadings and other papers, in such forms as the Authorized Person executing the same shall approve, his, her or their execution to be conclusive evidence of the approval thereof by such Authorized Person and the

Board, and to take all such other actions deemed by such Authorized Person to be necessary, appropriate or desirable in connection with the Chapter 11 Case, with a view to the successful prosecution of the Chapter 11 Case; and it is further

RESOLVED, that any Authorized Person be, and each hereby is, authorized and empowered on behalf of the Company, to retain (i) Hughes Hubbard & Reed LLP as co-general bankruptcy counsel; (ii) Young Conaway Stargatt & Taylor, LLP as co-general bankruptcy counsel; (iii) Kroll, LLC to provide financial advisory services; (iv) Kurtzman Carson Consultants LLC as claims, noticing and balloting agent and to provide administrative advisory services; and (v) such other professionals as the Authorized Persons deem necessary, appropriate or desirable in connection with the Chapter 11 Case, in each case on such terms as the Authorized Persons shall deem necessary, appropriate or desirable and subject to any required approvals of the Bankruptcy Court; and it is further

RESOLVED, that any Authorized Person be, and each hereby is, authorized and empowered to take any and all actions necessary or appropriate for the Company to negotiate a refinancing, recapitalization, restructuring or other reorganization of the Company, including under one or more plans of reorganization, and, subject to further approval of the Board, to enter into such plan of reorganization and all other documents, agreements or instruments to effectuate the foregoing; and it is further

RESOLVED, that any Authorized Person be, and each hereby is, authorized and empowered on behalf of the Company, to negotiate, execute, deliver and/or file or cause to be filed any and all agreements, amendments, instruments, consents, certificates, letters, documents or other writings, and to take all such other actions (including the payment of expense) deemed by such Authorized Person to be necessary, appropriate or desirable to carry out the purposes and intents of each and all of the foregoing resolutions; and it is further

RESOLVED, that all authority conferred by these resolutions shall be deemed retroactive and any and all acts authorized under these resolutions performed prior to the adoption of this resolution are hereby ratified, affirmed and approved; and that, without limitation of the foregoing, all actions heretofore taken for or on behalf of the Company by any Authorized Person in connection with the transactions contemplated by the preceding resolutions be, and hereby are, ratified, adopted and confirmed in all respects.

This document may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument. This document shall be filed with the minutes of the proceedings of the Board. The resolutions herein shall have the same force and effect as if they were adopted at a meeting at which the undersigned personally was present.

*[Signature page follows]*

IN WITNESS WHEREOF, the undersigned have signed this unanimous written consent as of the date first written above.

**DIRECTORS**

_____
Julian Ameler

_____
John Arney

_____
Anders Pettersson

_____
John Pinson

_____
Joseph Ponteri

_____
Robert J. Remenar

IN WITNESS WHEREOF, the undersigned have signed this unanimous written consent as of the date first written above.

**DIRECTORS**

_____
Julian Ameler

_____
John Arney

_____
Anders Pettersson

_____
John Pinson

_____
Joseph Ponteri

_____
Robert J. Remenar

IN WITNESS WHEREOF, the undersigned have signed this unanimous written consent as of the date first written above.

**DIRECTORS**

_____
Julian Ameler

_____
John Arney

_____
Anders Pettersson

_____
John Pinson

_____
Joseph Ponteri

_____
Robert J. Remenar

IN WITNESS WHEREOF, the undersigned have signed this unanimous written consent as of the date first written above.

**DIRECTORS**

_____
Julian Ameler

_____
John Arney

_____
Anders Pettersson

_____
John Pinson

_____
Joseph Ponteri

_____
Robert J. Remenar

IN WITNESS WHEREOF, the undersigned have signed this unanimous written consent as of the date first written above.

**DIRECTORS**

_____
Julian Ameler

_____
John Arney

_____
Anders Pettersson

_____
John Pinson

_____
Joseph Ponteri

_____
Robert J. Remenar

[SIGNATURE PAGE TO UNANIMOUS WRITTEN CONSENT OF PURE POWER TECHNOLOGIES, INC.]

IN WITNESS WHEREOF, the undersigned have signed this unanimous written consent as of the date first written above.

**DIRECTORS**

_____
Julian Ameler

_____
John Arney

_____
Anders Pettersson

_____
John Pinson

_____
Joseph Ponteri

_____
Robert J. Remenar

[SIGNATURE PAGE TO UNANIMOUS WRITTEN CONSENT OF PURE POWER TECHNOLOGIES, INC.]

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re* | **Chapter 11** |
| **STANADYNE LLC, *et al.*,**[1] | **Case No. 23-_____ (___)** |
| **Debtors.** | **(Joint Administration Requested)** |

**CONSOLIDATED LIST OF CREDITORS HOLDING**
**20 LARGEST UNSECURED CLAIMS**

       The following is the consolidated list of creditors holding the twenty (20) largest unsecured claims against the above-captioned debtors (the "Debtors").  This list has been prepared from the unaudited books and records of the Debtors, and represents the Debtors' best estimate of the largest unsecured claims that creditors may assert against them, as of the Petition Date.  The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in the Debtors' chapter 11 cases.  The list does not include (i) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101(31) or (ii) secured creditors, unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 20 largest unsecured claims.  The information presented in this list shall not constitute an admission by, nor is it binding upon, the Debtors.  The information herein, including the failure of the Debtors to list any claim as contingent, unliquidated or disputed, does not constitute a waiver of the Debtors' right to contest the validity, priority or amount of any claim.[2]

---

1.  The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number are: Stanadyne LLC (0378); Pure Power Technologies, Inc. (5202); Stanadyne PPT Holdings, Inc. (2594); and Stanadyne PPT Group Holdings, Inc. (1734).  The Debtors' headquarters are located at 405 White Street, Jacksonville, North Carolina 28546.

2.  The Debtors reserve the right to amend this list based on information existing as of the filing date.  Inclusion of a claim on this consolidated list is not an admission that the amounts listed are owed by the Debtors.

| | Name of creditor | Address | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Cerberus Business Finance, LLC | 875 Third Avenue, New York, NY 10022 | Daniel Wolf (212) 891-2121 dwolf@cerberuscapital.com | Bank loan unsecured deficiency claim | | $281,100,000 | TBD | Unknown |
| 2 | Pension Benefit Guaranty Corp. | 445 12th Street SW Washington, DC 20024-2101 | Carl H. Charlotin 445 12th Street SW Washington, D.C. 20024-2101 (202) 286-6320 charlotin.carl@pbgc.gov | Pension | Contingent, unliquidated | | | Unknown |
| 3 | Ford Motor Company | 1 American Rd., Dearborn, MI 48126-2701 | Armeka Sullivan, 313-248-8898, asulli12@ford.com | Core | Disputed, contingent, unliquidated | | | $9,328,887.81 |
| 4 | Corinth Core Center | Corinth, MS 38835-1560 | Amy L. Barnes, Amy.Barnes@Navistar.com | Core | Disputed, contingent, unliquidated | | | $4,735,192.47 |
| 5 | Autocam Corporation | 4180 40th Street SE, Kentwood, MI 49512 | Lindsay Gentz, 616-541-8188, lindsay.gentz@nninc.com | Trade | Disputed, contingent unliquidated | | | $1,062,113.76 |
| 6 | Kendrion (Shelby) Inc. | 1100 Airport Road, Shelby, NC 28150-3699 | Annette Whaley, 704-482-9585, Annette.Whaley@kendrion.com | Trade | Disputed, contingent unliquidated | | | $1,015,138.77 |

| | Name of creditor | Address | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7 | Sensata Technologies Inc. | 529 Pleasant Street, Attleboro, MA 02703 | Alejandro Pacheco, 332-215-9708, acctreceivables@sensata.com, apacheco@sensata.com | Trade | Disputed, contingent unliquidated | | | $677,882.88 |
| 8 | Standard Motor Products, Inc. | 93307 Nework Place, Chicago, IL 60673-1933 | Tony Esposito, 718-316-4748, tony.esposito@smpcorp.com | Core | Disputed, contingent, unliquidated | | | $632,390.00 |
| 9 | Caterpillar Reman Powertrain | 751 International Drive, Franklin, IN 46131 | Melissa Dalrymple, 317-346-3272, Melissa.Dalrymple@cat.com | Core | Disputed, contingent, unliquidated | | | $596,034.27 |
| 10 | Navistar, Inc. | 1111 Northshore Drive, Suite N-800, Knoxville, TN 37919 | Tim Ryan, 331-332-6222, Timothy.Ryan@Navistar.com | Royalty | Disputed, contingent, unliquidated | | | $488,502.13 |
| 11 | Dieselcore | 21401 Park Row Drive, Katy, TX 77449 | Tina McCall, 713-849-5302, accounting@dieselcore.com | Trade | Disputed, contingent, unliquidated | | | $443,325.00 |
| 12 | Stewart EFI, LLC | 45 Old Waterbury Rd, Thomaston, CT 06787 | Tina Adlerhurst, 860-283-8213, TAdlerhurst@stewartefi.com | Trade | | | | $412,246.78 |

| | Name of creditor | Address | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 13 | Electromags | 342-343 2nd Cross Street, Chennai, India 600096 | V Swaminathan, +91 4424-540075, sales@eapl.co.in | Trade | | | | $371,413.05 |
| 14 | Vitesco Technologies GmbH | 12 Siemensstraße, Regensburg, Germany 93055 | Stella Otuju, +49 91195262728, Stella.Otuju@vitesco.com | Trade | | | | $319,536.70 |
| 15 | Mianyang Fulin Precision Co., Ltd. | No. 37, Fenghuang Middle Road, High-end Manufacturing Industrial Park, Mianyang, Sichuan, China 621000 | Jane Liu, +86-15182308961, jane@fulinpm.com | Trade | | | | $286,620.47 |
| 16 | Amisco SpA | Via Piaggio 70, Paderno Dugnano (MI) 20037 Italy | Erica Spreggiaro, +39 02 9900181, erica.spreggiaro@amisco.it | Trade | | | | $283,819.20 |
| 17 | 3B Supply | 11470 Euclid Avenue, Suite 407, Cleveland, OH 44106 | Tom Sedor, 216-309-1388, tom.sedor@3bsupply.com | Trade | | | | $249,571.25 |
| 18 | Aerostar Manufacturing | 28275 Northline Road, Romulus, MI 48174 | Brayden Hodges, 734-942-8408, bhodges@aerostarmfg.com | Trade | | | | $248,028.15 |
| 19 | Concept Packaging Group | 6 Nesbitt Drive, Inman, SC 29349 | Susan Beck, 864-253-4062, susanb@concept-pkg.com | Trade | | | | $238,236.27 |

4

| | Name of creditor | Address | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|---|
| | | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 20 | MSC Industrial Supply Co., Inc. | 525 Harbour Place Drive, Davidson, NC 28036 | Crystal Cabe, 248-200-4810, crystal.cabe@msc direct.com | Trade | | | | $235,909.83 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| *In re* | Chapter 11 |
| **PURE POWER TECHNOLOGIES, INC.,** | Case No. 23-_____ (___) |
| **Debtor.** | (Joint Administration Requested) |

## CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)

      Pursuant to Federal Rules of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned authorized officer of the above-captioned Debtor, certifies that the following is a corporation other than the Debtor, or a governmental unit, that directly or indirectly owns 10% or more of any class of the corporation's equity interests, or states that there are no entities to report under FRBP 7007.1.

☐ None [*check if applicable*]

| | | | |
|---|---|---|---|
| Name: | Stanadyne PPT Holdings, Inc. | Name: | Stanadyne PPT Group Holdings, Inc. |
| Address: | 405 White Street Jacksonville, NC 28546 | Address: | 405 White Street Jacksonville, NC 28546 |
| Name: | Stanadyne LLC | | |
| Address: | 405 White Street Jacksonville, NC 28546 | | |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| *In re* | Chapter 11 |
| **PURE POWER TECHNOLOGIES, INC.,** | Case No. 23-_____ (___) |
| **Debtor.** | (Joint Administration Requested) |

## LIST OF EQUITY SECURITY HOLDERS

      Pursuant to Federal Rules of Bankruptcy Procedure 1007(a)(1) and 1007(a)(3), the following persons and entities are equity security holders for Pure Power Technologies, Inc., the Debtor in this case, as of the date hereof:

| Equity Security Holder | Address | Number and Kind of Interest |
|---|---|---|
| Stanadyne LLC | 405 White Street Jacksonville, NC 28546 | 100% of Common Stock |

**Fill in this information to identify the case and this filing:**

Debtor Name __Pure Power Technologies, Inc.__

United States Bankruptcy Court for the: _____ District of __Delaware__
                                                                            (State)

Case number (If known): _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* ____

☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑ Other document that requires a declaration __Corporate Ownership Statement, List of Equity Holders__

I declare under penalty of perjury that the foregoing is true and correct.

Executed on __02/16/2023__          ✗ __/s/John Pinson__
              MM / DD / YYYY           Signature of individual signing on behalf of debtor

                                       __John Pinson__
                                       Printed name

                                       __Chief Executive Officer__
                                       Position or relationship to debtor